# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: PES HOLDINGS, LLC, et al. | : | Bankruptcy Case No. 19-11626 |
| | : | |
| | : | (Jointly Administered) |
| Debtors. | : | |
| _____ | : | |
| | : | |
| | : | |
| OFFICIAL COMMITTEE of UNSECURED | : | |
| CREDITORS | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | C. A. No. 20-364-RGA |
| | : | |
| ICBC STANDARD BANK PLC., et al. | : | |
| | : | |
| Appellees. | : | |

## RECOMMENDATION

At Wilmington this **14th** day of **April, 2020**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, counsel advised in a joint letter regarding their clients' respective positions on mandatory mediation. Since this joint letter involves mediation, it was not docketed as per instruction by this court;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

The dispute underlying this appeal concerns whether Cortland's security interests in the proceeds of the Debtor's property damage and business interruption insurance were properly perfected, and whether Appellees' security interest in such proceeds continue post-petition.  These issues arise as a result of a substantial fire that occurred at one of the Debtors' facilities on June 21, 2020.  The Appellant appeals from the Order entered by the Bankruptcy Court on February 28, 2020 which found that Appellees have perfected security interests in the insurance proceeds that are not avoidable under § 552(b) of the Bankruptcy Code.  In its statement of the issues and designation of items to be included in the record on appeal, Appellant maintains that the Bankruptcy Court erred in finding that the interests of Appellees in the business interruption insurance proceeds could not be avoided under § 552(b) and Cortland has a non-avoidable, perfected security interest in the insurance proceeds.  Appellees dispute the legal arguments raised by Appellant.  The parties agree that the appeal raises issues of law not amenable to resolution by mediation and that mediation would not be fruitful.

The parties propose the following briefing schedule for this appeal:

Appellant's opening brief to be due the earlier of fourteen (14) days after the Debtors' Plan of Reorganization goes into effect on or about May 2020 **or** August 31, 2020;

Appellees' brief(s) due thirty (30) days after the filing of Appellants' brief;

Appellant's reply brief due fourteen (14) days thereafter.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court

2

for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory

referral for mediation and proceed through the appellate process of this Court.

Although the parties were not specifically advised of their right to file objections to this

Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D.

DEL. LR 72.1, since this Recommendation is consistent with the parties' request, no

objections are anticipated.

        Local counsel are obligated to inform out-of-state counsel of this Order.


        /s/ Mary Pat Thynge
        Chief U.S. Magistrate Judge


        SO  ORDERED this 27th day of April, 2020,
        as to the removal from mandatory referral to mediation.  A
        separate Order will be issued regarding a briefing schedule.

        /s/ Richard G. Andrews
        United States District Judge